FILED
NOV 17 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:14-CR-10001-CBK |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM LEFT HAND, | |
| Defendant. | |

Defendant pleaded guilty to abusive sexual contact. He was sentenced on December 12, 2016, to 24 months imprisonment followed by five years supervised release.

Defendant was released to supervision on June 15, 2018. His supervised release was revoked on June 28, 2021, and he was sentenced to nine months imprisonment followed by three years supervised release. He appealed his revocation sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Left Hand, No. 21-2507, 2022 WL 1469478 (8th Cir. May 10, 2022).

Defendant was released to supervision a second time on November 26, 2021. His revocation case is still pending.

Following defendant's arrest on the second revocation petition and his admissions to some of the allegations of that petition, on July 22, 2022, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the original conviction and sentence as well as the first revocation and sentence. That motion was denied on July 28, 2022.

On July 19, 2022, defendant filed a judicial misconduct complaint against me with the Judicial Council of the Eighth Circuit. He alleged in his complaint that I am biased, have a political agenda, and engaged in misconduct because I sentenced him in the

underlying case and in the first revocation even though he was "proven innocent." I was notified of that complaint on July 29, 2022. I notified the parties that I did not intend to recuse based upon the filing of the judicial complaint. Nonetheless, I continued the revocation matter. Defendant's judicial complaint has been resolved. The Judicial Council concluded that the defendant's allegations lack sufficient evidence.

While the judicial complaint was pending, defendant filed a motion for recusal and transfer of his case to another judge. The defendant questions this Court's impartiality based upon the fact that he filed a judicial complaint against me.

Pursuant to 28 U.S.C. § 455(a), a United States District Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Judges are presumed to be impartial" and the defendant "bears the substantial burden of proving otherwise." United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).

Defendant contends, in part, that I am biased against him based upon the facts of his case and my previous sentencing decisions in his case. The bias necessary to require recusal must come from an extra-judicial source – opinions formed by the judge on the basis of facts learned during the course of prior proceedings do not ordinarily constitute a basis for a finding of bias. United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014). Any previous unfavorable rulings in defendant's case "does not raise an inference of bias or require the trial judge's recusal." Harris v. State of Mo., 960 F.2d 738, 740 (8th Cir. 1992). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994) ("Almost invariably, they are proper grounds for appeal, not for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). No deep-seated favoritism or antagonism exists in this case.

Recusal is not required when it appears the defendant is attempting to manipulate the judicial system by judge shopping. United States v. Beale, 574 F.3d 512, 519-20 (8th Cir. 2009). Motions to recuse should not "be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings." In re Kansas Pub. Employees Ret. Sys., 85 F.3d 1353, 1360 (8th Cir. 1996) (*quoting* TV Communications Network, Inc. v. ESPN, Inc., 767 F.Supp. 1077, 1081 (D.Colo.1991)). The Eighth Circuit has noted that a "judge is not disqualified merely because litigant files complaint alleging judicial misconduct; if that were the rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned judge more sympathetic to their cause." Proctor v. Engstrom, 95 Fed.Appx. 192, 194 (8th Cir. 2004), *citing* In re Mann, 229 F.3d 657, 658 (7th Cir. 2000).

The timing of the judicial complaint raises the appearance that defendant filed the complaint in an attempt to manipulate the system. I bear no bias or prejudice against this defendant personally arising out of the now closed judicial complaint proceeding. Accordingly,

IT IS ORDERED that the defendant's motion, Doc. 166, for recusal and transfer of his case to another judge is denied.

DATED this 16th day of November, 2022.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge`